UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
BONNIE VERBURG,                                  :
                                                 :
                          Plaintiff,             :
                                                 :
                                                 :     Civil Action No. 1:19-cv-10837(JGK)
         -against-                               :
                                                 :
SCHOLASTIC INC.,                                 :
RICHARD ROBINSON and                             :
ELEANOR BERGER,                                  :
                                                 :
                          Defendants.            :
----------------------------------------------------------x

## <u>DEFENDANTS' ANSWER AND DEFENSES TO<br>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

Defendants Scholastic Inc. ("Scholastic"), Richard Robinson ("Robinson") and Eleanor

Berger ("Berger") (collectively, "Defendants"), by and through their attorneys, Ogletree, Deakins,

Nash, Smoak & Stewart, P.C., 599 Lexington Avenue, 17th Floor, New York, New York 10022,

hereby answer the Second Amended Complaint (the "Second Amended Complaint") of Plaintiff

Bonnie Verburg ("Plaintiff") as follows:

### ANSWERING<br>"NATURE OF THE CASE"

1.      Defendants admit that Scholastic is the largest children's book publisher in the

world and that it was founded almost one hundred years ago.  Defendants are without knowledge

or information sufficient to form a belief as to the remaining allegations of paragraph 1 of the

Second Amended Complaint and, therefore, deny the same.

2.      Defendants deny the allegations of paragraph 2 of the Second Amended Complaint.

3.      Defendants admit that Plaintiff held the titles of "Vice President" and "Editorial

Director" at various times during her employment with Scholastic and that Scholastic employed

Plaintiff for more than twenty-five years. Defendants are without knowledge or information to

form a belief as to the remaining allegations of paragraph 3 of the Second Amended Complaint, and, therefore, deny the same.

4.      Defendants admit that Plaintiff was the founder and Editorial Director for Blue Sky Press, one of Scholastic's imprints, that at some point in time Blue Sky Press published *The Adventures of Captain Underpants*, and that Plaintiff signed Dave Pilkey as an author. Defendants are without knowledge or information to form a belief as to the remaining allegations of paragraph 4 of the Second Amended Complaint, and, therefore, deny the same.

5.      Defendants admit that books published by Blue Sky Press have won Caldecott and Newbery Honors.  Defendants are without knowledge or information to form a belief as to the remaining allegations of paragraph 5 of the Second Amended Complaint, and, therefore, deny the same.

6.      Defendants deny the allegations of paragraph 6 of the Second Amended Complaint, except admit that Berger was Plaintiff's most recent direct supervisor.

7.      Defendants deny the allegations of paragraph 7 of the Second Amended Complaint.

8.      Defendants deny the allegations of paragraph 8 of the Second Amended Complaint, except admit that Robinson is Scholastic's Chairman, President and CEO, that he met with Plaintiff in his private conference room on April 10, 2019, that during that meeting, he informed Plaintiff that her employment would be terminated, and that during the same meeting Mr. Robinson informed Plaintiff that other employees were also being terminated.

9.      Defendants admit the allegations of paragraph 9 of the Second Amended Complaint.

10.     Defendants deny the allegations of paragraph 10 of the Second Amended Complaint.

11.     Paragraph 11 of the Second Amended Complaint states introductory material and/or a legal conclusion to which no response is required.  To the extent that a response to paragraph 11 is required, Defendants deny such allegations.

12.     Defendants deny the allegations of paragraph 12 of the Second Amended Complaint, except admit the existence of the statute cited, the terms of which speak for itself.

13.     Defendants deny the allegations of paragraph 13 of the Second Amended Complaint, except admit that Scholastic employs an individual named Ken Geist, that Mr. Geist was paid more than Plaintiff, and that Mr. Geist reports to Ms. Berger.

14.     Defendants deny the allegations of paragraph 14 of the Second Amended Complaint, except admit that Scholastic hired Plaintiff in 1992 and Mr. Geist in 2001.

15.     Defendants deny the allegations of paragraph 15 of the Second Amended Complaint, except admit that Scholastic paid Plaintiff less than $190,000 in 2001.

16.     Defendants deny the allegations of paragraph 16 of the Second Amended Complaint, except admit that Scholastic hired Mr. Geist in 2001, that Plaintiff acquired *The Adventures of Captain Underpants* by or before 2001, that Plaintiff was the editor of *No, David!* NO, DAVID! and *When Sophie Gets Angry - Really, Really Angry*, and that *No, David!* received a Caldecott Honor in 1999 and *When Sophie Gets Angry - Really, Really Angry* received a Caldecott Honor in 2000.

17.     Defendants deny the allegations of paragraph 17 of the Second Amended Complaint.

18.     Defendants deny the allegations of paragraph 18 of the Second Amended Complaint.

19.     Defendants admit that Scholastic employs or employed Arthur Levine, David Saylor, Barry Cunningham, and David Levithan, and that these individuals are male. Defendants deny that these individuals "had jobs very similar to [Plaintiff] and/or shared a title with [Plaintiff]." Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 19 of the Second Amended Complaint.

20.     Scholastic admits the allegations of paragraph 20 of the Second Amended Complaint.  Defendants Robinson and Berger are without knowledge or information sufficient to form a belief as to the allegations of paragraph 20 of the Second Amended Complaint.

21.     Defendants deny the allegations of paragraph 21 of the Second Amended Complaint.

22.     Defendants deny the allegations of paragraph 22 of the Second Amended Complaint, except admit Scholastic offered Plaintiff a severance agreement at the end of her employment.

23.     Defendants deny the allegations of paragraph 23 of the Second Amended Complaint, except admit Plaintiff declined to sign the severance agreement and filed a lawsuit.

### ANSWERING
### "THE PARTIES"

24.     Defendants admit, based upon information provided by Plaintiff, the allegations of paragraph 24 of the Second Amended Complaint.

25.     Defendants admit the allegations of paragraph 25 of the Second Amended Complaint.

26.     Defendants admit the allegations of paragraph 26 of the Second Amended Complaint.

27.     Defendants admit the allegations in the first sentence of paragraph 27 of the Second Amended Complaint. Defendants deny the allegations in the second sentence of paragraph 27 of the Second Amended Complaint, except admit that Robinson maintains a residence in New York, New York.

28.     Defendants admit the allegations of paragraph 28 of the Second Amended Complaint.

29.     Defendants admit the allegations of paragraph 29 of the Second Amended Complaint.

30.     Paragraph 30 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent a response to paragraph 30 is required, Defendants deny the allegations of paragraph 30 of the Second Amended Complaint, except admit that Robinson had authority over certain functions of Scholastic's business and had authority to hire and fire certain Scholastic employees.

31.     Defendants admit the allegations in the first sentence of paragraph 31 of the Second Amended Complaint. Defendants deny the allegations in the second sentence of paragraph 31 of the Second Amended Complaint, except admit that Berger maintains a residence in New York, New York.

32.     Paragraph 32 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 32 is required, Defendants deny the allegations of paragraph 32 of the Second Amended Complaint, except admit that Berger determined salaries for and had authority to hire and fire certain Scholastic employees.

**ANSWERING**
**"JURISDICTION AND VENUE"**

33.     Paragraph 33 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 33 is required, Defendants admit that this Court has subject matter jurisdiction over this suit.

34.     Paragraph 34 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 34 is required, Defendants admit this Court may exercise supplemental jurisdiction over the state law claims in this suit.

35.     Paragraph 35 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 35 is required, Defendants admit that this Court has diversity jurisdiction over this suit.

36.     Paragraph 36 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 36 is required, Defendants admit that venue is proper in this district.

**ANSWERING**
**"FACTS"**

**Answering "A. Background"**

37.     Defendants deny the allegations of paragraph 37 of the Second Amended Complaint, except admit that Scholastic is the world's largest publisher and distributor of children's books, that it or its subsidiaries maintain operations in "more than thirteen countries," and that it distributes one out of every two children's books sold in the United States.

38.     Defendants admit the allegations of paragraph 38 of the Second Amended Complaint.

39.     Defendants deny the allegations of paragraph 39 of the Second Amended Complaint, except admit Scholastic employed Plaintiff from 1992 to June 1, 2019 and that Plaintiff held the titles of "Vice President" and "Editorial Director" at different points during that period.

40.     Defendants admit the allegations of paragraph 40 of the Second Amended Complaint.

41.     Defendants deny the allegations of paragraph 41 of the Second Amended Complaint, except admit that Robinson interviewed and hired Plaintiff, and maintained professional contact with her during her employment at Scholastic.

42.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 42 of the Second Amended Complaint, except admit that Plaintiff at points in time edited *The Adventures of Captain Underpants* by Dav Pilkey, *How Do Dinosaurs Say Good Night?* by Jane Yolen, and *No, David!* by David Shannon.

43.     Defendants deny the allegations of paragraph 43 of the Second Amended Complaint, except admit that Blue Sky Press has published books that won Newbery and Caldecott Honors.

44.     Defendants deny the allegations of paragraph 44 of the Second Amended Complaint, except admit that Scholastic employed Arthur Levine, who acquired the U.S. rights to the *Harry Potter* series.

45.     Defendants deny the allegations of paragraph 45 of the Second Amended Complaint.

46.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 46 of the Second Amended Complaint.

47.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 47 of the Second Amended Complaint, except admit that Plaintiff's profile on www.LinkedIn.com speaks for itself.

48.     Defendants deny the allegations of paragraph 48 of the Second Amended Complaint.

49.     Defendants admit that Plaintiff's Fall 2019 list included *Love and the Rocking Chair* and board book versions of *How Do Dinosaurs Say Merry Christmas?* and *How Do Dinosaurs Say Happy Chanukah?* Defendants deny Plaintiff published *Wildfire*. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 49 of the Second Amended Complaint.

50.     Defendants admit that Scholastic's Book Fairs Division created posters, a promotional video, and shelf headers for *Wildfire* and that Scholastic worked with the author on some appearances. Defendants deny that Scholastic's Book Fairs Division ordered 200,000 copies of *Wildfire*. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 50 of the Second Amended Complaint.

51.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 51 of the Second Amended Complaint.

**Answering "B. Defendants Systematically Discriminate Against Verburg"**

52.     Defendants admit, based upon information provided by Plaintiff, the allegations of paragraph 52 of the Second Amended Complaint.

53.     Defendants deny the allegations of paragraph 53 of the Second Amended Complaint.

54.     Defendants deny the allegations of paragraph 54 of the Second Amended Complaint, except admit that Berger is the President of the Trade Publishing Division and that Berger was Plaintiff's most recent direct supervisor.

55.     Defendants deny the allegations of paragraph 55 of the Second Amended Complaint.

56.     Defendants deny the allegations of paragraph 56 of the Second Amended Complaint.

57.     Defendants deny the allegations of paragraph 57 of the Second Amended Complaint, except admit that Plaintiff at one point in time edited the *Poppleton* series, that the series was re-launched in 2017 after being dormant for some time, and that two new books were published.

58.     Defendants deny the allegations of paragraph 58 of the Second Amended Complaint, except admit that the *Poppleton* series was re-launched under Defendant's ACORN imprint, that Scholastic assigned a different editor to the *Poppleton* series, and that the assigned editor is younger than Plaintiff.

59.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 59 of the Second Amended Complaint, except deny that the change was "unexplained" or "disturbing."

60.     Defendants deny the allegations of paragraph 60 of the Second Amended Complaint.

61.     Defendants deny the allegations of paragraph 61 of the Second Amended Complaint, except admits that Scholastic acquired a book/series named *Rescue Dogs.*

62.     Defendants deny the allegations of paragraph 62 of the Second Amended Complaint.

63.     Defendants deny the allegations of paragraph 63 of the Second Amended Complaint, except admits that Lizette Serrano is employed by Scholastic as VP, Director of School Library Marketing, and that Ms. Serrano and Berger work together.

64.     Defendants deny the allegations of paragraph 64 of the Second Amended Complaint.

65.     Defendants deny the allegations of paragraph 65 of the Second Amended Complaint.

66.     Defendants deny the allegations of paragraph 66 of the Second Amended Complaint.

67.     Defendants deny the allegations of paragraph 67 of the Second Amended Complaint.

68.     Defendants deny the allegations of paragraph 68 of the Second Amended Complaint, except admit that Plaintiff and Mr. Geist discussed marketing strategies from time to time for the *How Do Dinosaurs…* series.

69.     Defendants deny the allegations of paragraph 69 of the Second Amended Complaint.

**Answering "C.  Defendants Fire Verburg"**

70.     Defendants admit the allegations of paragraph 70 of the Second Amended Complaint.

71.     Defendants deny the allegations of paragraph 71 of the Second Amended Complaint, except admit that Robinson informed Plaintiff about the upcoming termination of her employment at their April 10, 2019 meeting.

72.     Defendants deny the allegations of paragraph 72 of the Second Amended Complaint.

73.     Defendants deny the allegations of paragraph 73 of the Second Amended Complaint.

74.     Defendants admit that Plaintiff asked Robinson whether other employees were being terminated as well. Defendants deny that Plaintiff "performed outstanding work for over a quarter of a century." Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 74 of the Second Amended Complaint.

75.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 75 of the Second Amended Complaint.

76.     Defendants deny the allegations of paragraph 76 of the Second Amended Complaint, admit that Robinson informed Plaintiff that other employees were being terminated as well.

77.     Defendants deny the allegations of paragraph 77 of the Second Amended Complaint.

78.     Defendants deny the allegations of paragraph 78 of the Second Amended Complaint.

79.     Defendants deny the allegations of paragraph 79 of the Second Amended Complaint, except admit that Plaintiff had accrued unused vacation time at the time of her employment termination.

80.     Defendants deny the allegations of paragraph 80 of the Second Amended Complaint.

81.     Defendants deny the allegations of paragraph 81 of the Second Amended Complaint.

82.     Defendants deny the allegations of paragraph 82 of the Second Amended Complaint.

83.     Defendants deny the allegations of paragraph 83 of the Second Amended Complaint, except admit that Scholastic offered Plaintiff a severance agreement that included a release provision.

**Answering "D.  Defendants Systematically Underpay Scholastic's Female Employees"**

84.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 84 of the Second Amended Complaint.

85.     Defendants deny the allegations of paragraph 85 of the Second Amended Complaint, except admit that Scholastic paid Plaintiff less than $190,000 in 2001.

86.     Defendants admit the allegations of paragraph 86 of the Second Amended Complaint.

87.     Defendants deny the allegations of paragraph 87 of the Second Amended Complaint.

88.     Defendants deny the allegations of paragraph 88 of the Second Amended Complaint.

89.     Defendants deny the allegations of paragraph 89 of the Second Amended Complaint, except admit that Plaintiff and Mr. Geist reported to Berger, who is based in New York.

90.     Defendants deny the allegations of paragraph 90 of the Second Amended Complaint.

91.     Defendants deny the allegations of paragraph 91 of the Second Amended Complaint.

92.     Defendants deny the allegations of paragraph 92 of the Second Amended Complaint.

**Answering "E.  Exhaustion of Administrative Remedies"**

93.     Defendants deny the allegations of paragraph 93 of the Second Amended Complaint.

94.     Paragraph 94 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 94 is required, Defendants admit that Scholastic employs five or more people within the state of California, and refers to the Fair Employment and Housing Act for the true meaning thereof.

95.     Paragraph 95 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 95 is required, Defendants are without knowledge or belief regarding any claims filed by Plaintiff with the California Department of Fair Employment and Housing (the "DFEH"), or any Right to Sue Letter received from the DFEH, and therefore deny such allegations.

96.     Paragraph 96 of the Second Amended Complaint states legal conclusions to which no response is required. To the extent that a response to paragraph 96 is required, Defendants deny such allegations, and deny that Plaintiff is entitled to recover on behalf of herself or anyone else, and refer to the California Labor Code for the true meaning thereof.

97.     Paragraph 97 of the Second Amended Complaint states legal conclusions to which no response is required. To the extent that a response to paragraph 97 is required, Defendants deny such allegations, and refer to the California Labor Code for the true meaning thereof.

98.     Paragraph 98 of the Second Amended Complaint states legal conclusions to which no response is required. To the extent that a response to paragraph 98 is required, Defendants deny such allegations, and refers to the California Labor Code for the true meaning thereof.

99.     Paragraph 99 of the Second Amended Complaint states legal conclusions to which no response is required. To the extent that a response to paragraph 99 is required, Defendants deny such allegations.

100.     Paragraph 100 of the Second Amended Complaint states a legal conclusion to which no response is required. To the extent that a response to paragraph 100 is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 100 of the Second Amended Complaint, and therefore deny such allegations.

101.     Paragraph 101 of the Second Amended Complaint states a legal conclusion to which no response is required. To the extent that a response to paragraph 101 is required, Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 101 of the Second Amended Complaint, and therefore deny such allegations.

**ANSWERING**
**"CAUSES OF ACTION"**

**ANSWERING**
**"COUNT ONE**
**VIOLATION OF THE EQUAL PAY ACT OF 1963**
**GENDER DISCRIMINATION**
**29 U.S.C. §§ 206 et seq."**

102.     Defendants repeat their responses to the allegations in each and every aforementioned paragraph as if fully set forth herein.

103.     Paragraph 103 of the Second Amended Complaint states legal conclusions to which no response is required. To the extent that a response to paragraph 103 is required, Defendants deny the allegations of paragraph 103 of the Second Amended Complaint, and refers to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206, *et seq.*, as amended by the Equal Pay Act of 1963 ("EPA"), for the true meaning of the term "employer" therein.

104.     Defendants deny the allegations of paragraph 104 of the Second Amended Complaint.

105.     Defendants deny the allegations of paragraph 105 of the Second Amended Complaint.

106.     Defendants deny the allegations of paragraph 106 of the Second Amended Complaint.

107.     Defendants deny the allegations of paragraph 107 of the Second Amended Complaint, and refer to the EPA for the true meaning thereof.

108.     Defendants deny the allegations of paragraph 108 of the Second Amended Complaint.

109.     Defendants deny the allegations of paragraph 109 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any alleged damages or relief that she seeks, or to any other damages or relief.

**ANSWERING**
**"COUNT TWO**
**VIOLATION OF THE CALIFORNIA EQUAL PAY ACT**
**Cal. Lab. Code § 1197.5, *et seq*."**

110.     Defendants repeat their responses to the allegations in each and every aforementioned paragraph as if fully set forth herein.

111.     Defendants deny the allegations of paragraph 111 of the Second Amended Complaint.

112.     Defendants deny the allegations of paragraph 112 of the Second Amended Complaint.

113.     Defendants deny the allegations of paragraph 113 of the Second Amended Complaint.

114.    Defendants deny the allegations of paragraph 114 of the Second Amended Complaint, and refer to the California Equal Pay Act for the true meaning thereof.

115.    Defendants deny the allegations of paragraph 115 of the Second Amended Complaint.

116.    Defendants deny the allegations of paragraph 116 of the Second Amended Complaint.

117.    Defendants deny the allegations of paragraph 117 of the Second Amended Complaint.

118.    Defendants deny the allegations of paragraph 118 of the Second Amended Complaint.

119.    Defendants deny the allegations of paragraph 119 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any alleged damages or relief that she seeks, or to any other damages or relief.

### ANSWERING
### "COUNT THREE
### UNFAIR COMPETITION
### California Business and Professions Code § 17200 *et seq.*"

120.    Defendants repeat their responses to the allegations in each and every aforementioned paragraph as if fully set forth herein.

121.    Paragraph 121 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 121 is required, Defendants deny such allegations, and refer to the California Business & Professions Code § 17021 for the true meaning of the term "person" therein.

122.    Defendants deny the allegations of paragraph 122 of the Second Amended Complaint.

16

123.     Defendants deny the allegations of paragraph 123 of the Second Amended Complaint.

124.     Defendants deny the allegations of paragraph 124 of the Second Amended Complaint.

125.     Defendants deny the allegations of paragraph 125 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any alleged damages or relief that she seeks, or to any other damages or relief.

### ANSWERING
### "COUNT FOUR
### GENDER DISCRIMINATION
### New York Executive Law § 296"

126.     Defendants repeat their responses to the allegations in each and every aforementioned paragraph as if fully set forth herein.

127.     Defendants deny the allegations of paragraph 127 of the Second Amended Complaint.

128.     Defendants deny the allegations of paragraph 128 of the Second Amended Complaint.

129.     Defendants deny the allegations of paragraph 129 of the Second Amended Complaint.

130.     Defendants deny the allegations of paragraph 130 of the Second Amended Complaint.

131.     Defendants deny the allegations of paragraph 131 of the Second Amended Complaint.

132.     Defendants deny the allegations of paragraph 132 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any alleged damages or relief that she seeks, or to any other damages or relief.

**ANSWERING
"COUNT FIVE
GENDER DISCRIMINATION
New York City Administrative Code § 8-107"**

133.     Defendants repeat their responses to the allegations in each and every aforementioned paragraph as if fully set forth herein.

134.     Defendants deny the allegations of paragraph 134 of the Second Amended Complaint.

135.     Defendants deny the allegations of paragraph 135 of the Second Amended Complaint.

136.     Defendants deny the allegations of paragraph 136 of the Second Amended Complaint.

137.     Defendants deny the allegations of paragraph 137 of the Second Amended Complaint.

138.     Defendants deny the allegations of paragraph 138 of the Second Amended Complaint.

139.     Defendants deny the allegations of paragraph 139 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any alleged damages or relief that she seeks, or to any other damages or relief.

**ANSWERING**
**"COUNT SIX**
**AGE DISCRIMINATION**
**New York Executive Law § 296"**

140.     Defendants repeat their responses to the allegations in each and every aforementioned paragraph as if fully set forth herein.

141.     Defendants deny the allegations of paragraph 141 of the Second Amended Complaint.

142.     Defendants deny the allegations of paragraph 142 of the Second Amended Complaint.

143.     Defendants deny the allegations of paragraph 143 of the Second Amended Complaint.

144.     Defendants deny the allegations of paragraph 144 of the Second Amended Complaint.

145.     Defendants deny the allegations of paragraph 145 of the Second Amended Complaint.

146.     Defendants deny the allegations of paragraph 146 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any alleged damages or relief that she seeks, or to any other damages or relief.

**ANSWERING**
**"COUNT SEVEN**
**AGE DISCRIMINATION**
**New York City Administrative Code § 8-107"**

147.     Defendants repeat their responses to the allegations in each and every aforementioned paragraph as if fully set forth herein.

148.     Defendants deny the allegations of paragraph 148 of the Second Amended Complaint.

149.     Defendants deny the allegations of paragraph 149 of the Second Amended Complaint.

150.     Defendants deny the allegations of paragraph 150 of the Second Amended Complaint.

151.     Defendants deny the allegations of paragraph 151 of the Second Amended Complaint.

152.     Defendants deny the allegations of paragraph 152 of the Second Amended Complaint.

153.     Defendants deny the allegations of paragraph 153 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any alleged damages or relief that she seeks, or to any other damages or relief.

**ANSWERING**
**"COUNT EIGHT**
**AGE DISCRIMINATION**
**California Government Code § 12940 *et seq*."**

154.     Defendants repeat their responses to the allegations in each and every aforementioned paragraph as if fully set forth herein.

155.     Paragraph 155 of the Second Amended Complaint states legal conclusions to which no response is required. To the extent that a response to paragraph 155 is required, Defendants deny such allegations, and refer to the FEHA for the true meaning thereof.

156.     Paragraph 156 of the Second Amended Complaint states legal conclusions to which no response is required. To the extent that a response to paragraph 156 is required, Defendants deny such allegations, and refer to the FEHA for the true meaning thereof.

157.     Defendants deny the allegations of paragraph 157 of the Second Amended Complaint.

158.    Defendants deny the allegations of paragraph 158 of the Second Amended Complaint.

159.    Defendants admit, based upon information provided by Plaintiff, the allegations of paragraph 159 of the Second Amended Complaint.

160.    Defendants deny the allegations of paragraph 160 of the Second Amended Complaint.

161.    Defendants deny the allegations of paragraph 161 of the Second Amended Complaint.

162.    Defendants deny the allegations of paragraph 162 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any alleged damages or relief that she seeks, or to any other damages or relief.

**ANSWERING
"<u>COUNT NINE</u>
UNPAID VACATION DAYS
California Labor Code §§ 201, 203, 206, 216 & 227.3"**

163.    Defendants repeat their responses to the allegations in each and every aforementioned paragraph as if fully set forth herein.

164.    Paragraph 164 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 164 is required, Defendants refer to the California Labor Code for the true meaning thereof.

165.    Paragraph 165 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 165 is required, Defendants refer to the California Labor Code for the true meaning thereof.

166.     Paragraph 166 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 166 is required, Defendants refer to the California Labor Code for the true meaning thereof.

167.     Paragraph 167 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 167 is required, Defendants refer to the California Labor Code for the true meaning thereof.

168.     Paragraph 168 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 168 is required, Defendants refer to the California Labor Code for the true meaning thereof.

169.     Paragraph 169 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 169 is required, Defendants refer to the California Labor Code for the true meaning thereof.

170.     Defendants deny the allegations of paragraph 170 of the Second Amended Complaint.

171.     Defendants deny the allegations of paragraph 171 of the Second Amended Complaint.

172.     Defendants deny the allegations of paragraph 172 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any alleged damages or relief that she seeks, or to any other damages or relief.

**ANSWERING**
**"<u>COUNT TEN</u>**
**PAGA CLAIM FOR UNPAID VACATION DAYS**
**California Labor Code §§ 201, 202, 203, 216 & 227.3"**

173.     Defendants repeat their responses to the allegations in each and every aforementioned paragraph as if fully set forth herein.

174.    Defendants deny the allegations of paragraph 174 of the Second Amended Complaint that Plaintiff is entitled to any alleged damages or relief that she seeks on behalf of herself or other alleged aggrieved persons, or to any other damages or relief, and refers to the California Labor Code for the true meaning thereof.

175.    Defendants deny the allegations of paragraph 175 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any alleged damages or relief that she seeks, or to any other damages or relief.

**ANSWERING**
**"COUNT ELEVEN**
**UNPAID SEVERANCE PAY**
**California Labor Code §§ 201, 203 & 216"**

176.    Defendants repeat their responses to the allegations in each and every aforementioned paragraph as if fully set forth herein.

177.    Paragraph 177 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 177 is required, Defendants refer to the California Labor Code for the true meaning thereof.

178.    Paragraph 178 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 178 is required, Defendants refer to the California Labor Code for the true meaning thereof.

179.    Paragraph 179 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 179 is required, Defendants refer to the California Labor Code for the true meaning thereof.

180.    Paragraph 180 of the Second Amended Complaint states a legal conclusion to which no response is required.  To the extent that a response to paragraph 180 is required, Defendants refer to the California Labor Code for the true meaning thereof.

181.   Defendants deny the allegations of paragraph 181 of the Second Amended Complaint.

182.   Defendants deny the allegations of paragraph 182 of the Second Amended Complaint.

183.   Defendants deny the allegations of paragraph 183 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any alleged damages or relief that she seeks, or to any other damages or relief.

**ANSWER**
**"COUNT TWELVE**
**PAGA CLAIM FOR UNPAID SEVERANCE PAY**
**California Labor Code §§ 201, 202, 203 & 216"**

184.   Defendants repeat their responses to the allegations in each and every aforementioned paragraph as if fully set forth herein.

185.   Defendants deny the allegations of paragraph 185 of the Second Amended Complaint that Plaintiff is entitled to any alleged damages or relief that she seeks on behalf of herself or other alleged aggrieved persons, or to any other damages or relief, and refer to the California Labor Code for the true meaning thereof.

186.   Defendants deny the allegations of paragraph 186 of the Second Amended Complaint, and further deny that Plaintiff is entitled to any alleged damages or relief that she seeks, or to any other damages or relief.

**ANSWERING**
**"PRAYER FOR RELIEF"**

Defendants deny that Plaintiff is entitled to any relief sought, including the "PRAYER FOR RELIEF" paragraph of the Second Amended Complaint, including sub-paragraphs (A) through (K), or to any other relief.

**ANSWERING**
**"JURY DEMAND"**

Defendants admit that Plaintiff demands a jury trial.

**DENIAL OF HEADINGS AND SUBHEADINGS**

Defendants deny each and every allegation raised in the headings and subheadings of the Second Amended Complaint.

**GENERAL DENIAL**

To the extent not expressly admitted herein, Defendants deny all of the allegations in the Second Amended Complaint not specifically admitted.

**AFFIRMATIVE AND OTHER DEFENSES**

Without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiff under applicable law, Defendants assert the defenses stated below and expressly reserve and does not waive the right to assert any and all additional defenses at such time and to such extent as discovery and factual developments establish a basis therefor.

**FIRST DEFENSE**

The Second Amended Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for which relief may be granted.

**SECOND DEFENSE**

The Second Amended Complaint, and each cause of action therein, is barred in whole or in part, by any and all applicable statutes of limitations and failure to exhaust administrative remedies.

**THIRD DEFENSE**

Subject to proof through discovery, Plaintiff has failed in whole or in part to mitigate her purported damages.

## FOURTH DEFENSE

Plaintiff's claims for recovery of back wages and liquidated damages, if any, are limited to the applicable time period(s) prior to the date Plaintiff filed her Second Amended Complaint.

## FIFTH DEFENSE

Some or all of the defenses to an Equal Pay Act claim set forth at 29 U.S.C. § 206(d)(1) and California Labor Code § 1197.5(b), New York Executive Law, and the New York Administrative Code apply here to bar Plaintiff's claims, namely, that any differential in Plaintiff's compensation with respect to appropriate male comparators were based on: (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) any other factor other than sex.

## SIXTH DEFENSE

Defendants' pay rates were established in good faith, in conformity with and in reliance on a written administrative regulation, ruling, or interpretation of the Equal Employment Opportunity Commission and, as such, Plaintiff's Equal Pay Act claims are barred pursuant to 29 U.S.C. § 259.

## SEVENTH DEFENSE

Plaintiff is not entitled to a three-year limitations period under 29 U.S.C. § 255(a) or California Labor Code § 1197.5(i) because, even if Plaintiff were able to prove an alleged violation of the federal or California Equal Pay Act, which Defendants expressly deny, any such violation was not willful within the meaning of either Act.

## EIGHTH DEFENSE

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

## NINTH DEFENSE

Liquidated damages are not available because the actions alleged in the Second Amended Complaint were contrary to Defendants' policies and good-faith efforts to comply with the laws.

## TENTH DEFENSE

Plaintiff's claim that she was paid less than coworkers in the same position is barred because any difference in pay is explained by lawful factors, such as different educational backgrounds, experience, and performance metrics.

## ELEVENTH DEFENSE

Defendants are not liable to Plaintiff for punitive damages because neither Defendants nor any of their agents, officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b) and other applicable laws.

## TWELFTH DEFENSE

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to Defendants pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California, as well as the due process clauses of the constitution of the State and City of New York.

## THIRTEENTH DEFENSE

Any employment decisions with respect to Plaintiff were based on reasonable factors other than her gender, age, any alleged protected activity or any other unlawful reason.

## FOURTEENTH DEFENSE

Defendants acted in good faith and based all employment decisions involving Plaintiff upon legitimate, non-discriminatory, non-retaliatory reasons and without malice, willfulness, or evil intent.

## FIFTEENTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, waiver and/or estoppel.

## SIXTEENTH DEFENSE

Defendants' liability and penalties, if any, should be mitigated by virtue of the factors set forth in Sections 8-107(13)(d) and (e) of the NYCHRL.

## SEVENTEENTH DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence.

## EIGHTEENTH DEFENSE

Defendants had in place a clear, effective, and well-disseminated policy against discrimination and retaliation, and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Plaintiff's claims are barred because: (1) Defendants took reasonable steps to prevent and correct workplace harassment, discrimination, and retaliation; (2) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendants provided; and (3) reasonable use of Defendants' procedures would have prevented the harm that Plaintiff allegedly suffered.

## NINETEENTH DEFENSE

To the extent that any employees of Defendants engaged in any of the conduct alleged in the Second Amended Complaint, which is expressly denied, such actions were outside the scope

of his/her employment, were contrary to the policies and directives of Defendants, and were not in the furtherance of Defendants' business interest, and were not ratified, confirmed, or approved by Defendants.

## TWENTIETH DEFENSE

Plaintiff is not an aggrieved employee as required by California Labor Code § 2699 et seq. and accordingly, cannot represent other allegedly aggrieved employees.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred in that Plaintiff failed to comply with the notice requirements set forth in Labor Code § 2699 et seq.

## TWENTY-SECOND DEFENSE

Allowing this case to proceed as a representative action for penalties under California Labor Code § 2698, et seq. would violate Defendants' due process rights in violation of the Fourteenth Amendment and the California Constitution.

## TWENTY-THIRD DEFENSE

Plaintiff's own conduct caused, in whole or in part, whatever damages she purports to have suffered.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiff has suffered any damages or injuries, which Defendants deny, such damages or injuries were not caused by Defendants' actions or conduct.

## TWENTY-FIFTH DEFENSE

Plaintiff was an at-will employee and her employment could have been terminated with or without cause, at any time.

## TWENTY-SIXTH DEFENSE

Berger and Robinson were not "employers" within the meaning of the relevant laws.

## **RESERVATION OF RIGHTS**

In addition to the foregoing defenses, Defendants reserve the right to amend or assert additional defenses, which may become known during the course of discovery or revealed during pretrial proceedings, during the course of this action, and/or trial.

**WHEREFORE,** Defendants respectfully request that judgment be entered dismissing the Second Amended Complaint, in its entirety, with prejudice, and that Defendants be awarded costs, interest, attorneys' fees, as allowed by law, and other such relief as this Court deems just and proper.

Dated:   New York, New York
              June 22, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By  /s Aaron Warshaw
       Aaron Warshaw
       Erik D. Mass
       599 Lexington Avenue, 17th Floor
       New York, NY, 10022
       (212) 492-2500
       aaron.warshaw@ogletree.com
       erik.mass@ogletree.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 22, 2020, I served, via the CM/ECF system, a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint upon all parties registered to receive electronic notice.


<u>          /s Aaron Warshaw      </u>
Aaron Warshaw

43227057.2