UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BONNIE VERBURG,                                          :

                                                   :       ORDER
                Plaintiff,

                                                 :       19 Civ. 10837 (JGK) (GWG)

  -v.-

                                                 :
SCHOLASTIC INC., et al.,

                                                 :

               Defendants.        :
------------------------------------------------------------X
GABRIEL W. GORENSTEIN, United States Magistrate Judge

      Plaintiff has applied for an order permitting alternative service of a deposition subpoena on Mr. Dav Pilkey pursuant to Fed. R. Civ. P. 45.  (Docket # 61).  Plaintiff has provided evidence that Mr. Pilkey is a United States national, see id. at 1 n.1, and thus service is governed by Fed. R. Civ. P. 45(b)(3).  That Rule incorporates 28 U.S.C. § 1783, which permits the Court to authorize service of a subpoena on a witness where the particular testimony sought "is necessary in the interest of justice" and where "it is not possible to obtain his testimony in admissible form without his personal appearance."  28 U.S.C. § 1783(a).  Both conditions are met here inasmuch as, based on the current record, Mr. Pilkey's testimony is relevant to plaintiff's claims and there is seemingly no method to obtain Mr. Pilkey's testimony other than through a deposition.

      The method of service is governed by Fed. R. Civ. P. 4(f).  For the reasons stated by plaintiff in her letter (Docket # 61) and by the Court today on the record, we find that service by alternative means, as provided for in Rule 4(f)(3), is appropriate and is virtually guaranteed to result in notice to Mr. Pilkey.  See generally Elsevier, Inc. v. Siew Yee Chew, 287 F. Supp. 3d 374, 378 (S.D.N.Y. 2018).  Accordingly, ordering alternative service "satisfies constitutional standards of due process."  Id. at 379.  Mr. Pilkey will be free to make objections to the subpoena on any permissible grounds.  The subpoena shall require Mr. Pilkey to provide only testimony, not documents.

      Alternative service shall be executed as follows:

1. Plaintiff shall mail the subpoena and a copy of this Order to Mr. R. Jamison Coghill at the following address:

   R. Jamison Coghill
   Surpin, Mayersohn & Coghill LLP
   1880 Century Park East,
   Suite 618,
   Los Angeles, CA 90067

2. Plaintiff shall email the subpoena and a copy of this Order to Mr. Coghill (using the email address already provided by defendants' counsel);

3. Plaintiff shall promptly telephone Mr. Coghill to inform him the subpoena and the Order have been emailed and shall attempt to confirm receipt;

4. Plaintiff shall email the subpoena and a copy of this Order to defendant Scholastic Inc.'s attorney, Aaron Warshaw;

5. Plaintiff shall promptly confirm with Mr. Warshaw that he has received the subpoena and the Order;

6. Mr. Warshaw is ordered to take all reasonable steps to ensure that Scholastic Inc., which has one or more employees who are in regular contact with Mr. Pilkey, provides a copy of the subpoena to Mr. Pilkey through the same means the employees routinely use to contact Mr. Pilkey;

7. Mr. Warshaw shall file an affidavit on or before April 16, 2021, stating what he did to comply with this Order;

8. Pursuant to the All Writs Act, 28 U.S.C. § 1651, it is hereby ORDERED that Mr. Coghill shall supply a copy of the subpoena and this Order to Mr. Pilkey by the means he normally uses to communicate with Mr. Pilkey.

Dated: March 31, 2021
New York, New York

SO ORDERED.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge